JONES, et al. *v.* HOOVER, et al.

In Banc. Nov. 22, 1948.

(37 So. (2d) 490)

Ruth Campbell, for appellants.

Bridgeforth & Love, and Watkins & Eager, for appellees.

**McGehee, J.**

The land involved in this suit was owned in fee simple by Mrs. Fannie E. Meeks when she died intestate during the year 1917. The complainants are her children, and the suit is against her surviving husband, J. F. Meeks,

and the appellees, W. H. Hoover and his grantees of certain mineral rights in the land. The bill of complaint seeks a cancellation of the claim of W. H. Hoover to the land and the claims of his grantees of the mineral rights therein as clouds upon the alleged title of the complainants to a four-fifths undivided interest in the same, upon the theory that even though the defendants may have been in the peaceable possession of the land continuously for more than ten years, the plea of the statute of limitations would be unavailable because of the alleged fraudulent concealment from the complainants of their rights during a greater part of such ten-year period.

The appellee, W. H. Hoover, bought the land on May 21, 1929 at a foreclosure sale of a deed of trust held by him on the 145 acres here involved, and on an adjacent tract of sixty acres, which belonged to J. F. Meeks. This deed of trust was executed by J. F. Meeks and his second wife, Nannie Meeks, to secure an indebtedness owing to the said Hoover of several thousand dollars. The validity of this foreclosure proceeding, insofar as a compliance with the requirements of law and the terms of the deed of trust is concerned, is not challenged by the bill of complaint herein; but it is alleged that when the said Hoover purchased the land at such foreclosure, he thereupon became a tenant in common with the complainants and acquired only a one-fifth undivided interest in the 145 acres in question. This contention is based upon the following facts:

During the year 1914, J. F. Meeks and his first wife, Mrs. Fannie E. Meeks, obtained a loan of money from Caldwell & Smith, a loan corporation, at Memphis, Tennessee, secured by a deed of trust on both tracts of land. This deed of trust was validly foreclosed on March 12, 1921, when Mrs. Josephine Hoover, wife of the appellee, W. H. Hoover, became the purchaser of the land. At that time, it is alleged there was a judgment against J. F. Meeks in favor of the law firm of Campbell & Campbell, a second deed of trust in favor of the Citizens Bank

& Trust Company, and a third deed of trust in favor of W. H. Hoover; that these subsequent encumbrances were liens against only the sixty acres of land belonging to J. F. Meeks.

It it alleged that the said J. F. Meeks had, prior to the foreclosure sale under the deed of trust to Caldwell & Smith, made application to Campbell & Campbell, attorneys, for assistance in securing a loan with which to refinance the indebtedness. Whether this loan was sought to pay off all of these indebtednesses or merely to pay Caldwell & Smith is not alleged. Nor is it alleged that the said law firm could have obtained a loan in the amount needed to prevent a sale under one or more of the liens. Then, too, it is not alleged that either W. H. Hoover or his wife knew, on March 12, 1921, or at the time the efforts to obtain the loan were abandoned, that such an application for a loan had been made, if, indeed, this was material.

It is further alleged that prior to the sale there was an agreement entered into between J. F. Meeks and W. H. Hoover that the latter would buy in all of the land "for the owners," the land to be held as security for a loan for the amount of the purchase price bid therefor and to bear interest at eight percent per annum, until such time as J. F. Meeks should repay the amount bid at the sale, plus interest and expenses, together with an indebtedness then owing to W. H. Hoover under the third deed of trust, and reacquire the title. That thereupon the negotiations with the law firm of Campbell & Campbell for obtaining a loan were terminated, and that on or about the day of sale the said W. H. Hoover told J. F. Meeks that he had become advised that he could not safely take the title for the benefit of said J. F. Meeks and the complainants on account of the judgment and subsequent liens, but that acting as agent for his wife, Mrs. Josephine Hoover, he agreed that she would buy the property under the foreclosure sale of the Caldwell & Smith deed of trust, and hold the title in a like manner under such

agreement to reconvey to J. F. Meeks. That on March 18, 1925, the said Mrs. Josephine Hoover and her husband, W. H. Hoover, conveyed both tracts of the land to Mrs. Nannie Meeks, the second wife of J. F. Meeks, with her husband's consent, but contrary to the former agreements.

It is not shown by the allegations of the bill of complaint as to how the conveyance to the second wife of J. F. Meeks could have injured complainants, since the second wife of their alleged cotenant, J. F. Meeks, would have held title in trust for the complainants to the same extent that their father and her husband would have held the same under the law governing the rights of tenants in common.

It further appears from the allegations of the bill that immediately subsequent to the execution of the deed by the Hoovers to Mrs. Nannie Meeks, a loan of $2,800 was obtained from the Federal Land Bank on all of the land; that the proceeds of this loan were paid to Mrs. Josephine Hoover as part of the consideration for the deed, and that a second deed of trust was executed in her favor for the sum of $2,310 and a third deed of trust in favor of W. H. Hoover for the sum of $1,859. And it is alleged that the consideration of $8,000 recited in the deed from the Hoovers to Mrs. Nannie Meeks, was not the true consideration, but that this amount was stated therein for the purpose of inducing the Federal Land Bank to make a larger loan than it would have otherwise made on the land.

The third deed of trust in favor of W. H. Hoover is alleged to have been renewed from year to year until the indebtedness reached an amount in excess of $7,000 in the year 1928, due to the fact that W. H. Hoover continued to furnish supplies from year to year to J. F. Meeks and his family, who remained on the land. Apparently the indebtedness due Mrs. Josephine Hoover under the second deed of trust had been consolidated with that held by her husband, W. H. Hoover.

The last deed of trust in favor of W. H. Hoover was foreclosed on May 21, 1929, as aforesaid. He purchased the land at the sum of $4,000, and finally paid off all of the indebtedness to the Federal Land Bank.

In the answer of the defendants there was incorporated a plea in bar of the ten-year adverse possession statute of limitation upon the theory that even if it could be said that W. H. Hoover became a tenant in common with the complainants of the 145 acres of land, his acts of ownership and continuous adverse possession for more than ten years, during which he had repaired the fences, improved the houses, built other houses, cultivated and otherwise used the land, and paid the taxes, amounted to an ouster of his alleged cotenants from the time he took possession of the land after the foreclosure in 1929, this suit not having been filed until June 21, 1940.

At the request of the defendants, the court admitted proof on this plea of adverse possession, taking up the plea for consideration in advance of any hearing on the merits. Several of the witnesses who testified as to the adverse possession of W. H. Hoover, undertook to identify the lands as the "J. F. Meeks' place"; but it is clear from the testimony of some of them that they had reference to the land that had been foreclosed under the deed of trust in favor of W. H. Hoover, including both the 145-acre and the adjacent 60-acre tracts of land. The complainants did not offer proof to the contrary, although the chancellor inquired of them as to whether they desired to do so. We are of the opinion that the proof was amply sufficient to show facts constituting adverse possession for the time required by law, provided the ten-year statute commenced to run when the said Hoover took possession of all the land after J. F. Meeks, his second wife, and the complainants had moved off the premises.

The plea in bar, of course, had the effect of admitting the truth of the allegations of fact in the bill as to the alleged fraudulent concealment from the com-

plainants by W. H. Hoover and J. F. Meeks of the alleged agreements under which the land was purchased at the foreclosure sale of the Caldwell & Smith deed of trust, but the plea did not admit the deductions and conclusions drawn by the pleader as to the effect of the alleged agreements. The trial court held that the allegations of fact in regard to the alleged agreements were insufficient to show a fraudulent concealment such as to prevent the running of the statute of limitations. We are of the opinion that the chancellor was correct in so holding.

The bill disclosed that all of the several conveyances were duly placed of record without unnecessary delay, and whether or not such fact would be controlling, the allegations of fact in reference to said agreements clearly disclose that J. F. Meeks was doing all that he could to save the title of the property, except that he did not pay off the the indebtedness and this he is not alleged to have been able to do, and that the Hoovers gave him every opportunity and showed him every indulgence to the end that he might clear the title in Mrs. Nannie Meeks from the encumbrances; and it is clear that if this had been done, she would have held title as the wife of one of the alleged co-tenants for the benefit of all of them to the same extent that her husband, J. F. Meeks, would have held it if, the same had been conveyed to him pursuant to said agreements.

Any presumption that the title was being held for the benefit of all the cotenants when this suit was filed on June 21, 1940, was fully overcome by the fact that W. H. Hoover took possession of the land after the foreclosure on May 21, 1929, in such a manner as to amount to a complete ouster of his alleged cotenants. In fact, the complainants alleged in their bill that "They knew their father was forced to leave the place because said mortgage had been foreclosed." Both he and they

moved off the premises immediately before the fore-closures, as hereinbefore stated.

The decree of the trial court in sustaining the plea of adverse possession and dismissing the bill of complaint should, therefore, be affirmed.

Affirmed.

**Montgomery, J.,** took no part in this decision.